NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTATE OF DAVID MAURICE, JR.; STACY MAURICE, | Nos. 18-55944, 18-55981, 18-56558 |
| Plaintiffs-Appellees/Cross-Appellants, | D.C. No. 5:16-CV-2610-CAS-SP |
| v. | MEMORANDUM* |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | |
| Defendant-Appellant/Cross-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted January 24, 2020
Pasadena, California

Before: CLIFTON and LEE, Circuit Judges, and BLOCK,** District Judge.

Life Insurance Company of North America ("LINA") appeals the district

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

court's judgment in favor of the Estate of David Maurice, Jr. ("Maurice"), as well as its post-judgment order awarding attorneys' fees and costs. We assume familiarity with the facts, procedural history, and issues on appeal.

The policies here do not provide coverage "if a preexisting condition substantially contributed to the disability." *McClure v. Life Ins. Co. of N. Am.*, 84 F.3d 1129, 1136 (9th Cir. 1996). "The word 'substantial' is used to denote the fact that [the condition] has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility, rather than in the so-called 'philosophic sense,' which includes every one of the great number of events without which any happening would not have occurred." *Dowdy v. Metro. Life Ins. Co.*, 890 F.3d 802, 809 (9th Cir. 2018) (quoting Restatement (Second) of Torts § 431 cmt. a (Am. Law Inst. 1965)). "For a court to distinguish between a responsible cause and a 'philosophic,' insignificant cause, there must be some evidence of a significant magnitude of causation. Such evidence need not be presented with mathematical precision, but must nonetheless demonstrate that a causal or contributing factor was more than merely related to the injury, and was instead a substantial catalyst." *Id.*

Although the district court cited the correct legal principles, its application of them to the facts was clearly erroneous. The district court found that Maurice

2

cut his feet on glass in a swimming pool; that finding is supported by the record. However, Maurice's own medical expert explained that diabetes prevented the cuts from healing properly and exacerbated the risk of infection. Once the cuts became infected, diabetes made it more difficult to fight the "bacterial onslaught"—even with the assistance of antibiotics—allowing the infection to reach the bone. Eventually, the only way to stop the infection from spreading was amputation. The effect of diabetes is far more extensive and better-documented here than it was in *Dowdy*. The conclusion is inescapable that Maurice's diabetes "substantially contributed" to the amputation.

We reject the argument that diabetes had to be the predominant cause of the amputation. It is an incorrect statement of federal common law. Our cases expressly note that where, as here, the policy language is conspicuous, a preexisting condition can bar coverage "even though the claimed injury was the predominant or proximate cause of the disability." *Dowdy*, 890 F.3d at 808 (quoting *McClure*, 84 F.3d at 1136).[1] The rule under California law is different, *see, e.g.*, *Slobojan v. W. Travelers Life Ins. Co.*, 450 P.2d 271, 278 (Cal. 1969), but it is preempted, *see McClure*, 84 F.3d at 1133 (citing *Evans v. Safeco Life Ins. Co.*,

---

[1] An inquiry into a single predominant or proximate cause is necessary if the policy language is inconspicuous. *See McClure*, 84 F.3d at 1136 ("[I]f the language is inconspicuous, a policy holder reasonably would expect coverage if the accident were the predominant or proximate cause of the disability."). Maurice concedes that LINA's policy language was conspicuous.

916 F.2d 1437, 1439 (9th Cir. 1990)).  We disagree that recent Supreme Court cases call *Evans* into question.  The Supreme Court has never questioned that uniform rules of policy interpretation are an essential part of the "federal common law of rights and obligations under ERISA-regulated plans."  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56 (1987).

Our disposition of the coverage issue makes it unnecessary for us to address Maurice's cross-appeal regarding the amount of coverage.  In addition, it requires us to vacate the award of attorneys' fees and costs.

JUDGMENT REVERSED; ORDER AWARDING ATTORNEYS' FEES AND COSTS VACATED; REMANDED WITH INSTRUCTIONS TO ENTER JUDGMENT FOR LINA.